UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD L. WILDEE,<br><br>    Petitioner,<br><br>v.<br><br>.JEFF MACOMBER,<br><br>    Respondent. | No.  No. 2:16-cv-01825-TLN-GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. For the following reasons, the undersigned recommends that the petition be denied.

*INTRODUCTION AND BACKGROUND*

    Petitioner is serving a sentence of 26 years to life, ECF 1 at 1,[1] for convictions of being a felon in possession of a firearm, having a concealed firearm, and having a loaded firearm, with two prior strike convictions. The two prior strikes were chosen from petitioner's previous convictions for voluntary manslaughter, assault with a firearm, and assault on a peace officer for which he served a prison term.

---

[1] This is the sentence claim in the petition, whereas the state appellate court describes it as 25 years to life plus one year. Lodged Document ["Lod.Doc."] D at 2.

1

Petitioner challenges the state courts' finding that he was ineligible for resentencing under Proposition 36, codified as California Penal Code sections 667(e)(resentencing provision),and 1170.126(e)(conditions), also known as the Three Strikes Reform Act of 2012 ["Reform Act"]. He filed his petition on August 3, 2013, making the following claims: (1) because his conviction related to a non-violent offense he was not eligible for sentencing under the pre-Reform Act law; ECF 1 at 5, he was not "armed," but merely in "possession of a gun," id. at 14; and there was no evidence that he possessed the gun for either offensive or defensive use. Id. at 16. In essence, Petitioner deems it unfair that he can be considered "armed" when the very nature of the offense makes it almost impossible that he was not "armed," i.e., he seems to have been doubly convicted for a singular offense. Petitioner seeks to have this court determine that the state courts were wrong in their analysis and must revisit his request for resentencing.

The underlying facts in this case are best explained by the Third District Court of Appeals' review of the petitioner's appeal from the denial of relief he sought. Lod. Doc. D.[2]

OPINION

> In this appeal from the denial of a Penal Code section 1170.126 (Proposition 36) petition for resentencing, appointed counsel for defendant Bernard Wildee has filed an opening brief that sets forth the facts of the case and asks that we review the record and determine whether there are arguable issues on appeal. (*People v. Wende*) (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

> In the early morning hours of November 25, 2004, Sacramento police detained defendant and his cousin LeAndrew Smith. The officers observed the two men sitting in a maroon Mustang on G Parkway. The car was parked about a quarter of a mile from where a residential burglary had taken place a few minutes before. Defendant initially gave the officers his Swahili name and denied he was on probation or parole. When questioned further by the police, defendant stated he had a "baby gun" in the car, provided his true name, and admitted he was on parole. The officers found a loaded 38-caliber revolver under the front passenger seat. Smith was in the driver's seat.

/////

---

[2] Petitioner also provided the opinion as part of his petition. See ECF No. 1 at 50-53; 57-60.

A jury convicted defendant of felon in possession of a firearm (former § 12021, subd. (a)(1)),³ unlawful possession of a concealed firearm (former [Penal Code] § 12025, subd. (b)(6)), and unlawful possession of a loaded firearm (former [Penal Code § 12031, subd. (a)(2)(F) and sustained two strikes ([Penal Code §§ 667, subd. (e)(2), 1170.12) and a prior prison term ([Penal Code § 667.5, subd.(b)). The trial court sentenced defendant to 25 years to life plus one year. This court modified the award of presentence conduct credits, and affirmed the modified judgment in an unpublished opinion.

Defendant subsequently filed a section 1170.126 petition for resentencing. The trial court initially denied the petition, but granted defendant's motion for reconsideration. On reconsideration the court denied the petition again, finding defendant was ineligible for resentencing because he was armed during the commission of his offenses.

DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 . . . apply to an appeal from an order denying a petition brought pursuant to section 1170.126 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley)* (1987) 481 U.S. 551 . . . ; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In a supplemental brief, defendant contends the trial court erred in finding him ineligible for resentencing because he was not armed with a firearm during the commission of his crimes. He also contests the imposition of three strikes sentence when he committed his two strike offenses before the age of 23.

Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126.) As relevant to this case, a defendant is ineligible for resentencing if he was armed with a firearm during the commission of the offenses. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 282; § 1170.126, subd (e). A person is armed if he or she has the weapon available for offensive or defensive use. (*People v. Bland)* 1995 10 Cal.4th

---
³ All references to code sections refer to the Penal Code unless expressly stated otherwise.

3

991, 1006.) So long as the gun is available for use at any time during the commission of the felony, then defendant is armed. (*Hicks*, at p. 283.)

Substantial evidence supports the trial court's finding that defendant was armed. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 661 [section 1170.126 factual basis of eligibility finding reviewed for substantial evidence].) Defendant admitted that the gun was his, it was found in the passenger seat of the Mustang that he was in, and Smith was the driver. The gun was therefore available for offensive or defensive use by defendant, rendering him armed in the commission of all three offenses and therefore ineligible for resentencing.

Since the trial court correctly found that defendant did not qualify for resentencing, we do not consider whether the three strikes sentence was proper in light of defendant's relative youth when he committed the two strike offenses.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

The California Supreme Court denied review of the Third District's foregoing decision in the case without comment on July 27, 2016. Lod. Doc. F; ECF No. 1 at 61. Petitioner promptly filed his petition here one week later on August 3, 2016.

*THE PETITION*

Petitioner seeks habeas relief on the ground that the state courts that refused his request for resentencing misinterpreted and or misapplied state law in his case. First, as to his offenses of conviction, which formed the basis for the Three Strikes enhancement pursuant to which he was sentenced, the record reflects that petitioner's prior convictions were for voluntary manslaughter, assault with a firearm and assault on a peace officer. See Wildee v. Felker, 2010 Westlaw 4569030 at 23 (E.D. Cal. 2010).

As the Third District Court of Appeal stated, the jury convicted defendant of felon in possession of a firearm (former § 12021, subd. (a)(1)), unlawful possession of a concealed firearm (former [Penal Code] § 12025, subd. (b)(6)), and unlawful possession of a loaded firearm (former [Penal Code] § 12031, subd. (a)(2)(F) and sustained two strikes ([Penal Code] §§ 667,

subd. (e)(2), 1170.12) and a prior prison term ([Penal Code] § 667.5, subd.(b)). The trial court sentenced defendant to 25 years to life plus one year. Petitioner points first to the elements of Penal Code section 12025(b)(6) – unlawful possession of a loaded firearm. ECF No. 1 at 16. The entirety of that statute reads as follows:

(a) A person is guilty of carrying a concealed firearm when he or she does any of the following:

(1) Carries concealed within any vehicle which is under his or her control of direction any piston, revolver, or other firearm capable of being concealed upon the person;

(2) Carries concealed upon his or her person any pistol revolver, or other firearm capable of being concealed upon the person;

(3) Causes to be carried concealed within any vehicle of which he or she is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.

(b) Carrying a concealed firearm in violation of this section is punishable as follows:
- . . . . . .
(6) By imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars . . . or by both that fine and imprisonment [if specific condition irrelevant here are met].

Petitioner points out that he was charged only with being a felon in possession of a gun, and similar concealed weapons charges, but there was no evidence that he possessed that gun for either an offensive or a defensive purpose. ECF No. 1 at 16-17. This absence of evidence, he argues, required that he have been afforded resentencing under two earlier decided state court decisions – People v. Burnes, 242 Cal. App. 4th 1452 (2015) and People v. Blakely, 225 Cal. App. 4th 1042 (2014). These cases, although standing for the proposition that one may be eligible for resentencing for weapons charges in limited circumstances, e.g., a weapon was found in a previously convicted felon's home when he was away, do not apply in petitioner's circumstances. The holding of these cases focused on the nature of proof for being found "armed." In fact, Blakely held that the sentencing court must use reliable, relevant information in the trial record to determine eligibility for the resentencing criteria, 225 Cal. App. 4th at 1048-

1049, and Barnes simply held that the trial court could not rely on a Probation Report for the facts underlying its sentencing decision when the report was not a part of the evidence used for conviction, and contained none of the facts necessary to show the defendant was armed. Barnes, supra, 242 Cal. App. 4th 1457-1458. Nowhere in the Three Strikes statute is there mention of the necessity to determine petitioner's *purpose* for possessing the weapon. Even if petitioner's argument had validity it would not afford him a basis for a federal habeas corpus remedy.

*DISCUSSION*

To the extent that petitioner is simply attacking a "wrong" legal decision by the state court, petitioner may not transform a state-law issue into a federal one without identifying a violation of a federal constitutional right merely by inferring, as petitioner perhaps intended here, that the state law error constituted a violation of his federal right to due process of law. Langford v. Day, 110 F. 3d 1380, 1389 (9th Cir. 1996). The same principle applies for other constitutional challenges. For this reason, the claim that petitioner's sentence should be reduced based on the Three Strikes Reform Act of 2012 is not colorable. A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has identified the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62 (1991). In Estelle the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68. The Court emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, *citing* Lewis v. Jeffers, 497 U.S. 764,

780 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment). This is, however, petitioner's argument – the state incorrectly interpreted a state statute.

The Estelle Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted),"id. at 68, and further stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," which it has applied only to very narrow category of infractions. Id. at 73. Habeas review does not, therefor, lie in a claim that the state court erroneously allowed or excluded particular evidence according to state evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). As more recently re-emphasized by the Supreme Court, "'a mere error of state law...is not a denial of due process.'" Rivera v. Illinois, 556 U.S. 148, 158 (2009) *quoting* Engle v. Isaac, 456 107, 121, n. 21 (1982). To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See, *e.g.,* Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989). In Miller, the court refused even to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at 1118–19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law. Id. *quoting* Middleton v. Cupp, supra, 768 F.2d at 1085.

Because petitioner was ineligible for resentencing, no further analysis of the denial of resentencing was required. See Hawkins v. Soto, 2015 WL 631957 *3 (C.D. Cal. Feb. 12, 2015)

7

(finding that discretionary factors in section 1170.126 do not come into play where offense is a violent one). Federal courts in California are bound by the state courts' conclusion that petitioner is precluded from relief under section 1170.126. Id., *citing* Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

As this court has previously found in a similar case, when a petitioner is, in essence, attacking his underlying state conviction with a claim that there was insufficient evidence to convict him of being a felon in possession, "there is no federal due process requirement that sentencing proceedings, or resentencing proceedings, give him a trial on the evidence of conviction. This type of attack is simply unavailable . . . where petitioner challenges only his resentencing proceedings, where the state courts were surely able to rely on the conviction itself." Pontod v. Muniz, 2016 WL 5340646 *5 (E.D. Cal. 2016) and cases cited therein. See also Tuggle v. Perez, 2016 WL 1377790 (E.D. Cal. 2016) and cases cited therein.

The Supreme Court has "repeatedly upheld recidivism statutes against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities. Parke v. Raley, 406 U.S. 20, 27 (1992). In the absence of a showing that Proposition 36 violated petitioner's rights to due process or equal protection, this Court is bound by state courts' interpretation of California's sentencing statutes." Holloway v. Price, 2015 WL 1607710 (C.D. Cal. 2015), *citing* Bradshaw v. Richey, 546 U.S. 74, 76. (2005). And this court has similarly so held. In Sears v. Barnes,, 2014 WL 496773 *5-6 ( (E.D. Cal. 2014) this court determined:

> A state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process. Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir.2009); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). Even so, as the Ninth Circuit has observed:
>
> > The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair (citation omitted), it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation

sufficient to warrant issuance of the writ.

> Holley, supra, 568 F.3d at 1101. Therefore, "under AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." Id. On the basis of these authorities, the state court's rejection of petitioner's due process claim here does not support federal habeas relief under AEDPA because the admission of evidence at trial regarding petitioner's prior assault on Washburn did not violate any clearly established federal law. Id.

In short, even if petitioner had framed his case as one brought under the rubric of due process, because the state court's rejection of petitioner's due process claim is not contrary to any United States Supreme Court precedent, petitioner is not entitled to federal habeas relief with respect to this claim. Thus, the court has no recourse but to dismiss this petition as failing to plead a cognizable federal claim.

*CONCLUSION*

For the reasons stated above IT IS HEREBY RECOMMENDED that:

1. The petition be denied; and

2. No Certificate of Appealability be issued.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 26, 2018

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE